# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**VADELL C. JOHNSON**                                                                        **PLAINTIFF**

**V.**                                                      **NO. 4:15CV23-DMB-DAS**

**SHERIFF KELVIN WILLIAMS, ET AL.**                                      **DEFENDANTS**

## ORDER DIRECTING CLERK OF THE COURT
## TO ENTER DEFAULT AS TO DEFENDANTS MS. TATE,
## MR. HOGAN, MR. SIMPSON, MS. GOLLIDAY, AND
## LT. JAMES CARMICHAEL

The court takes up, *sua sponte*, entry of default by the Clerk of the Court as to Ms. Tate, Mr. Hogan, Mr. Simpson, Ms. Golliday, and Lt. James Carmichael. Under Fed. R. Civ. P. 55(a):

> When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added).

The defendants were served with process under Fed. R. Civ. P. 4(e)(1), which states:

> Unless federal law provides otherwise, an individual – other than a minor, incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made ….

Thus, federal courts look to state law for the proper procedure regarding serving a summons under this section. Mississippi Rule of Civil Procedure 4 governs service of process, and states, in relevant part:

> Any party defendant who is not an unmarried minor or mentally incompetent may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof.

Miss. R. Civ. P. 4(e). In this case, Ms. Tate waived service on March 7, 2018; Mr. Hogan waived

service on March 6, 2018; Mr. Simpson waived service on March 5, 2018; Ms. Golliday waived service on March 5, 2018, and Lt. James Carmichael waived service of process on July 5, 2018.

Once a defendant has been served with process (or, as in this case, has waived service), the court must determine the deadline for the defendant to file a responsive pleading. Rule 4(d) establishes that deadline: "A defendant, who, before being served with process, timely returns a waiver need not serve an answer until 60 days *after the request was sent* …." Fed. R. Civ. P. 4(d)(3) (emphasis added). Waiver requests were sent to defendants Tate, Hogan, Simpson, and Golliday on March 1, 2018. The deadline for defendants Tate, Hogan, Simpson, and Golliday expired on April 30, 2018. The request for waiver was sent to defendant Carmichael on June 21, 2018. The 60-day deadline for defendant Carmichael to answer expired on August 20, 2018.

As reflected on the court's docket, defendants Tate, Hogan, Simpson, Golliday, and Carmichael have waived service of process, but have neither answered nor otherwise defended against the plaintiff's claims in the complaint. As such, the Clerk of the Court is **DIRECTED** to enter **DEFAULT as to defendants Ms. Tate, Mr. Hogan, Mr. Simpson, Ms. Golliday, and Lt. James Carmichael under Fed. R. Civ. P. 55(a).**

**SO ORDERED**, this, the 24th day of August, 2018.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE