# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**VADELL C. JOHNSON**                                                              **PLAINTIFF**

**V.**                                                          **NO. 4:15-CV-23-DMB-DAS**

**SHERIFF KELVIN WILLIAMS, et al.**                                              **DEFENDANTS**

## ORDER SETTING ASIDE ENTRY OF DEFAULT

Before the Court is the motion to set aside entry of default filed by Rose Tate, Sylvester Hogan, Marvell June Simpson, Rosie Golliday, and James Carmichael. Doc. #55.

## I
## Procedural History

On or about February 27, 2015, Vadell C. Johnson filed a pro se prisoner complaint in this Court against Kelvin Williams, Ora Starks, Gloria Westley, Joel Norvell, James Carmichael, "Ms. Tate," "Mr. Hogan," "Mr. Simpson," and "Ms. Golliday." Doc. #1. The complaint alleges the various defendants violated Johnson's Eighth Amendment rights by failing to provide him medical treatment for a broken hand.

On June 25, 2015, United States Magistrate Judge David A. Sanders held a *Spears*[1] hearing. Doc. #12. On February 1, 2017, Judge Sanders issued a Report and Recommendation recommending that Johnson's Eighth Amendment claims against Tate, Hogan, Simpson, Norvell, Carmichael, and Golliday be dismissed for failure to state a claim upon which relief can be granted; and that Johnson's claims against Williams, Starks, and Westley be dismissed for the same reason because § 1983 claims cannot be based upon a theory of respondeat superior. Doc. #13 at 7–8.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

On January 3, 2018, this Court adopted in part and rejected in part the Report and Recommendation. Doc. #16. The Court dismissed Johnson's claims against Williams, Starks, and Westley for failure to state a claim upon which relief can be granted but ordered that his Eighth Amendment claims against Norvell, Carmichael, Tate, Hogan, Simpson, and Golliday proceed. *Id*. at 12.

Four days later, on February 7, 2018, Judge Sanders ordered that process issue against Norvell, Carmichael, Tate, Hogan, Simpson, and Golliday. Doc. #18 at 1. That day, the Clerk of the Court issued summonses as to them. Doc. #19. On March 23, 2018, the summonses for Carmichael and Norvell were returned as unexecuted, Doc. #22; and the summonses for Golliday, Hogan, Simpson, and Tate were returned as executed, Doc. #23.[2]

In an order dated May 8, 2018, Judge Sanders explained that process on Norvell "was returned stating that this defendant is deceased" and that process on Carmichael "was returned stating that he was no longer employed at the address on the summons." Doc. #24 at 1. Regarding the summonses served on Golliday, Simpson, Hogan, and Tate, Judge Sanders determined that "[t]hough the time for doing so has … expired, none of the[se] defendants have either acknowledged process or answered the complaint" and that "further steps are required to perfect service of process." *Id*. To that end, Judge Sanders ordered (1) Johnson to "file the appropriate motion to substitute parties regarding … Norvell pursuant to Fed. Rule of Civil Procedure 25 within 28 days of this order;" (2) Johnson to "provide the Clerk of the court with an address at which … Carmichael can be served within 28 days of this order;" and (3) the Clerk of

---

[2] Golliday and Simpson were both served on March 5, 2018; Hogan was served the next day; and Tate was served the day after that. Doc. #23.

the Court to "issue alias process on … Golliday[,] Simpson, Hogan and Tate."³  *Id*. at 1–2.

The Clerk of the Court reissued summonses as to Golliday, Hogan, Simpson, and Tate the next day.  Doc. #25.  However, on May 21, 2018, Judge Sanders "determined that the order directing the issuance of alias process was entered in error and that the portion of the order directing personal service of process on … Golliday, Simpson, Hogan, and Tate should be and is set aside."  Doc. #27.

On June 6, 2018, Johnson, in response to Judge Sanders' May 8 order, filed a motion to substitute Norvell, Doc. #31; and provided an updated address for Carmichael, Doc. #32.  That day, Judge Sanders ordered the Clerk of the Court to "issue process for … Carmichael" and the United States Marshals Service to "serve process upon this defendant under … 28 U.S.C. §1915(d), using good faith efforts to identify and locate the proper person and obtain personal service by all approved alternative means as provided by F.R.Civ.P. 4 and Miss.R.Civ.P. 4."  Doc. #33 at 1.  The following day, the Clerk of the Court issued a summons as to Carmichael and forwarded it to the United States Marshals Service for personal service.  Doc. #34.

On August 24, 2018, Judge Sanders, finding that "Tate, Hogan, Simpson, Golliday, and Carmichael have waived service of process, but have neither answered nor otherwise defended against the plaintiff's claims in the complaint," directed the Clerk of the Court "to enter default as to [them] under Fed. R. Civ. P. 55(a)."  Doc. #39 at 2 (emphasis omitted).  That day, the Clerk of the Court entered default against Tate, Hogan, Simpson, Golliday, and Carmichael ("defaulting defendants").  Doc. #40.  At that point, none of the properly served defaulting defendants had

---

³ Judge Sanders directed the "U.S. Marshal … to personally serve said alias process personally upon each of these defendants."  Doc. #24 at 2.

answered or otherwise responded to Johnson's complaint, and the deadline to do so had expired.

Four days later, on August 28, 2018, at a hearing before Judge Sanders in Oxford, Mississippi, Johnson made an ore tenus motion for entry of default judgment, was sworn in, and presented his case. Doc. #41. Judge Sanders took Johnson's ore tenus motion under advisement. *Id*.

On August 31, 2018, Judge Sanders issued a Report and Recommendation recommending, among other things, that default judgment be entered in the amounts of: (1) $3,000 against Carmichael; (2) $3,000 against Hogan; (3) $3,000 against Tate; (4) $3,000 against Simpson; and (5) $5,000 against Golliday.[4] Doc. #42 at 8. On September 12 and 14, 2018, attorneys entered appearances for the defaulting defendants and filed on their behalf a motion for an extension to object to the Report and Recommendation. Docs. #48, #49, #50. After Judge Sanders granted the requested extension,[5] the defaulting defendants filed a motion to set aside entry of default, Doc. #55, and objections to the Report and Recommendation, Doc. #57, on September 28, 2018; and a motion for leave to file an answer to the complaint, Doc. #58, on October 1, 2018. Johnson, also after being granted an extension to object,[6] filed objections to the Report and Recommendation on October 15, 2018. Doc. #60. On November 8, 2018, Johnson filed a timely response opposing the motion to set aside default. Doc. #64.

---

[4] The Report and Recommendation also recommended that Norvell, deceased, be dismissed from this case for Johnson's failure to substitute him in compliance with Federal Rule of Civil Procedure 25. Doc. #42 at 3–4. According to the Report and Recommendation, Judge Sanders' May 8 order operated as a "statement noting [Norvell's] death," which initiated Rule 25's 90-day deadline; and Johnson failed to "identify a proper party to substitute in [Norvell's] place" before it expired on August 6, 2018. *Id*. at 4. The recommendation regarding Norvell will be considered in the order addressing the Report and Recommendation.

[5] Doc. #51.

[6] Doc. #54.

# II
# Analysis

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Good cause exists, of course, when a default should never have been entered because a defendant had no obligation to answer the complaint. *Koerner v. United States*, 246 F.R.D. 45, 47 (D.D.C. 2007). For the reasons below, this Court concludes that the defaulting defendants were not required to answer Johnson's complaint and that, therefore, the default against them must be set aside.

Because Johnson was a prisoner when he brought this action, the Prison Litigation Reform Act ("PLRA") applies. The relevant provision of the PLRA provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g)(1)–(2).

In construing § 1997e(g), the United States Supreme Court has held that "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). Accordingly, lower courts have declined to enter default or default judgment against defendants who were not specifically ordered to respond to the complaint. *See, e.g.*, *Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015), *report and recommendation adopted*, No. 14-4823,

2015 WL 7734103 (E.D. Pa. Nov. 30, 2015) ("Plaintiff is subject to the PLRA, and the Court may not enter default judgment against Defendant Ganues unless he failed to follow a court order requiring him to respond to the Complaint. The Court has not yet specifically ordered Ganues to file a response to the Complaint."); *Weatherspoon v. George*, No. 14-CV-12789, 2015 WL 753389, at *1 (E.D. Mich. Feb. 23, 2015) ("Because this Court has not directed Defendants to respond to Plaintiff's complaint pursuant to the PLRA, the fact that none of them has yet filed such an answer does not subject them to entry of default judgments.") (internal quotation marks omitted); *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) ("Under the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply.").

Here, the June 6 process order issued by Judge Sanders did not specifically order the defendants to respond to the complaint. Given the text of the PLRA and the construction of its provisions, the default must be set aside because the PLRA does not subject the defendants to entry of default under the circumstances present here.

### III
### Conclusion

The defaulting defendants' motion to set aside entry of default [55] is **GRANTED**.[7]

**SO ORDERED**, this 14th day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] In light of this ruling, the defaulting defendants' motion for leave to file an answer will be granted by separate order.