# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**VADELL C. JOHNSON**  **PLAINTIFF**

**V.**  **NO. 4:15-CV-23-DMB-DAS**

**SHERIFF KELVIN WILLIAMS, et al.**  **DEFENDANTS**

## ORDER REGARDING REPORT AND RECOMMENDATION

On June 25, 2015, United States Magistrate Judge David A. Sanders held a *Spears*[1] hearing in this case. Doc. #12. On August 28, 2018, at an evidentiary hearing before Judge Sanders in Oxford, Mississippi, Vadell C. Johnson made an ore tenus motion for entry of default judgment, was sworn in, and presented his case. Doc. #41. Judge Sanders took Johnson's ore tenus motion under advisement. *Id*.

Three days later, Judge Sanders issued a Report and Recommendation recommending entry of default in favor of Johnson against Rose Tate, Sylvester Hogan, Marvell June Simpson, Rosie Golliday, and James Carmichael ("defaulting defendants"). Doc. #42. The Report and Recommendation also recommended that Joel Norvell, deceased, be dismissed from this case for Johnson's failure to substitute him in compliance with Federal Rule of Civil Procedure 25. *Id*. at 3–4. Regarding Norvell, Judge Sanders reasoned that his May 8, 2018, order[2] directing issuance of alias process and personal service of process on the defendants operated as a "statement noting [Norvell's] death" which initiated Rule 25's 90-day deadline; that Johnson failed to "identify a proper party to substitute in place of … Norvell" before the deadline expired on August 6, 2018;

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Doc. #24.

and that instead, "Johnson referred only to the general term 'a successor, corporation, or representative.'" *Id*. at 4 (alterations omitted).

The defaulting defendants and Johnson filed objections to the Report and Recommendation on, respectively, September 28, 2018, and October 15, 2018.[3]  Docs. #57, #60.  The defaulting defendants "object to the Report and Recommendation based on the reasons set forth in their Motion to Set Aside Entry of Default" and "also object on the grounds that the factual findings contained in the Report and Recommendation [and offered at the hearings] do not establish an Eighth Amendment violation."  Doc. #57 at 1, 2 (emphasis omitted).  In his objections, Johnson "acknowledge[d] that the amounts for damages recommended by Judge Sanders are appropriate [but contends] that further proceedings should be conducted where additional relevant evidence can be presented to assist this court in its appropriate award for damages."  Doc. #60 at 1–2.  No party objected to the recommendation that Norvell be dismissed from the case.

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law."  *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

To the extent no party objected to the recommendation that Norvell be dismissed, the Report and Recommendation is neither clearly erroneous nor contrary to law and will be adopted by the Court.  However, because the Court has granted the defaulting defendants' motion to set aside default, *see* Doc. #69, the remainder of the Report and Recommendation will be rejected as

---

[3] All were granted requested extensions to object to the Report and Recommendation.  Docs. #51, #54.

moot.  Accordingly, the Report and Recommendation [42] is **ADOPTED in Part and REJECTED in Part as moot**.  Norvell, deceased, is **DISMISSED** from this case.

**SO ORDERED**, this 14th day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**
